# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **RONALD G. BELLAMY and REGINA BELLAMY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00110** |
| | ) | **Judge Trauger** |
| **1 PUBLIC HOMES, LLC and MICHAEL MOODY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

On January 30, 2025, Smyrna, Tennessee residents Ronald and Regina Bellamy filed a pro

se complaint (Doc. No. 1) against two Tennessee-resident defendants, 1 Public Homes, LLC and

Eviction Warrants Division employee Michael Moody, seeking to be "made whole" after a

wrongful foreclosure and eviction from a home purchased by the plaintiffs in 2019. (*Id.* at 4.) The

plaintiffs also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

### I. PAUPER STATUS

Plaintiffs' joint IFP application declares that Ronald Bellamy earns $3,000 in monthly

income from employment, while Regina Bellamy receives $1,646 in monthly disability payments.

(Doc. No. 2 at 1–2.) The couple has other significant but non-liquid assets (*id.* at 3) and $5,112 in

combined monthly expenses. (*Id.* at 4.) They report that they are "now in a hotel which is taking a

toll on [them]." (*Id.* at 5.) Based on these disclosures, the court finds that the plaintiffs cannot pay

the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human

Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is

**GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). This initial screening includes a review for subject-matter jurisdiction, *see Lee v. Money Gram Corp. Off.*, No. 15-CV-13474, 2016 WL 3524332, at *1 (E.D. Mich. May 23, 2016), *report and recommendation adopted*, 2016 WL 3476704 (E.D. Mich. June 27, 2016), of which the court must be assured "at the earliest possible moment to avoid wasting judicial and party resources." *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022).

Under 28 U.S.C. §§ 1331 and 1332, federal subject-matter jurisdiction is restricted to (1) cases that present a question of federal law, and (2) cases between parties of diverse citizenship in which more than $75,000 is at stake. *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). Whether at initial screening or thereafter, if it appears that the exercise of jurisdiction might not be proper, federal courts are obliged to "raise and decide" the issue, lest they exceed the scope of the limited jurisdiction granted them under the law. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

The Complaint invokes the court's federal-question jurisdiction, asserting as its jurisdictional basis the "Right to Rescind" conferred by 12 C.F.R. § 1026.23. (Doc. No. 1 at 3.) It does not otherwise cite any federal law in support of its lone claim that "fraudulent paperwork

2

[was used] to do a fraudulent foreclosure and a wrongful eviction" in January 2025. (*Id.* at 4–5.) Nor does it assert any factual allegations to support the invocation of a right to rescission.

The facts the Complaint does allege are limited to statements that the plaintiffs "purchased the home in 2019 new," and that, in the wake of the foreclosure and eviction, their furniture and other personal belongings were put on the house's front lawn (where the furniture, dishes, beds, and televisions were "destroyed") and they were given 24 hours to "clean [] up" the lawn. (*Id.*) The relief they request is "the home refurnished[,] pain and suffering[,]" court costs and any attorney's fees, "[a]nd to be left alone." (*Id.* at 4, 6.) Documents attached to the Complaint include the real estate conveyance, tax, and loan documents related to the property at issue (Doc. No. 1-1), as well as documents indicating that the property was ultimately sold at foreclosure to 1 Public Homes, LLC. (*Id.* at 48.) The attached documents also include an appeal bond for Ronald Bellamy's September 2024 appeal to the Rutherford County Circuit Court of a General Sessions Court judgment against him. (*Id.* at 52.)[1]

Section 1026.23 of Title 12 of the Code of Federal Regulations (promulgated pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*) establishes a consumer's right to rescind "a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling." 12 C.F.R. § 1026.23(a)(1). The mere citation of this regulation, however, is not sufficient to establish federal-question jurisdiction. *See Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (finding that the district court lacked federal-question jurisdiction

---

[1] Rutherford County's online court records appear to confirm that the Circuit Court ruled against Mr. Bellamy and in favor of 1 Public Homes, LLC, and that the case was closed on December 3, 2024. *See* https://rutherford.tncrtinfo.com/cvCaseForm.aspx?id=57C0A208-DF71-42AC-BC06-8F470F9B6B0C&dsid=23e44664 (last visited Jan. 5, 2026). The court may take judicial notice of such online records. *See ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021); *see also Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (noting that judicial notice is properly taken of "court records [that] are available online to members of the public") (citation omitted).

in a case involving foreclosure and subsequent eviction proceedings, because the complaint did not assert a federal claim by "[m]erely referring to a federal statute") (quoting *Am. Fed'n of Television and Radio Artists, AFL–CIO v. WJBK–TV*, 164 F.3d 1004, 1007 (6th Cir. 1999)); *see also Hopkins v. Mercy Health Springfield Reg'l Med. Ctr.*, No. 3:24-CV-00155, 2025 WL 446134, at *5 (S.D. Ohio Feb. 10, 2025), *report and recommendation adopted*, 2025 WL 689811 (S.D. Ohio Mar. 3, 2025) ("Merely citing to [a] statute without making any allegations that would support a claim . . . d[oes] not suffice to vest the [C]ourt with jurisdiction.") (quoting *Jamison v. Hart Realty*, No. 01-03143, 2001 U.S. App. LEXIS 18054, at *5 (6th Cir. Aug. 6, 2001)).

Even if the citation of this federal regulation could support the exercise of jurisdiction in this case between non-diverse parties, the regulatory right of rescission only applies to transactions that add a security interest atop "an existing obligation." 12 C.F.R. § 1026.23(a)(1). Moreover, the regulation contains an exemption provision stating that the "right to rescind does not apply to . . . [a] residential mortgage transaction." *Id.* § 1026.23(f)(1). Accordingly, "a request for [rescission of the foreclosure sale] as it relates to this regulation could not be granted," *Mastin v. Ditech Fin., LLC*, No. 3:17CV368, 2018 WL 524871, at *11 (E.D. Va. Jan. 23, 2018), and the Complaint— even if it were properly within the court's jurisdiction and explicitly requested rescission as a remedy—would therefore be subject to dismissal at the screening stage for failure to state a viable claim.

### III. CONCLUSION

For the above reasons, this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Alternatively, the case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good

4

faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge